D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

NICHIAS TURBAN, on behalf of himself and others similarly situated,

            Plaintiffs,

v.

BAR GIACOSA CORP. d/b/a BAR PITTI and GIOVANNI TOGNOZZI,
            Defendants.

-------------------------------------------------------x

INDEX NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff alleges as follows:

## INTRODUCTION

1. Defendants operate Bar Pitti restaurant, which is billed as one of New York City's top Italian restaurants and a "magnet" for celebrities such as Heidi Klum and the Victoria Secret Angels. Yet despite their widely publicized success, Defendants abuse their wait staff. Specifically, with respect to this lawsuit, Defendants steal employee tips by requiring them to share them with management, and egregiously fail to pay them for all hours worked

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Bar Giacosa Corp. is a corporation organized and existing under the laws of the State of New York that owns and operates the restaurant Bar Pitti, which is located at 268 Avenue of the Americas, New York, New York ("Bar Pitti" or the "Restaurant").

5. Defendant Bar Giacosa Corp. has an annual gross volume of sales in excess of $500,000.

6. Defendant Bar Giacosa Corp. is directly engaged in interstate commerce. For example, upon information and belief, numerous items sold at Bar Pitti on a daily basis are produced outside of the State of New York.

7. Defendant Bar Giacosa Corp. is owned, and its operations are conducted, by Defendant Giovanni Tognozzi.

8. The Restaurant's liquor license is in the name of Defendant Tognozzi.

9. Defendant Tognozzi actively manages the restaurant employees and is present at the Restaurant on a daily basis.

10. Defendant Tognozzi has actual ultimate authority with respect to hiring and firing decisions, discipline, and payroll practices at the Restaurant.

11.     Plaintiff Nichias Turban was employed by Defendants as a server at Bar Pitti for approximately eight years, until October 2018.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Defendants at Bar Pitti on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

13.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, willfully failing and refusing to pay the legally required overtime wage for all hours worked over forty (40) hours in a workweek, and allowing tip-ineligible employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

17. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all minimum and overtime wages owed, and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class

members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this

action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

   b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

   c) The policies, practices, programs, procedures, protocols and plans of Defendants regarding the work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

   d) Whether Defendants paid Plaintiffs and the Class members the appropriate minimum wage for all hours worked.

   e) Whether Defendants paid Plaintiffs and the Class members the appropriate overtime wage for all overtime hours worked.

f) Whether Defendants gave Plaintiffs and the Class members the wage notices and wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

## FACTS

### Wage and Hour Claims

23. Plaintiff's consent to sue form is attached hereto as Exhibit A.

24. Plaintiff was paid an hourly rate that is lower than the New York State minimum wage during his employment by Defendants.

25. Plaintiff was in fact paid a "tip credit" hourly wage.

26. Defendants were not entitled to utilize the tip credits set forth under the FLSA and New York Labor Law, because (a) they did not give Plaintiffs the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195; (b) they required Plaintiff to share tips with tip-ineligible managerial employees, and (c) they required Plaintiff to spend at least two hours per shift, and at times more than 20% of his shifts, performing non-tipped work.

27. Defendants did not properly inform Plaintiff of the nature of the full minimum wage and applicable tip credits.

28. Defendants did not give Plaintiff proper notices of the tip credit, as required by NYLL § 195.

29. During the limitations period, Defendants employed a manager named Roberto Maurizio.

30. Defendants required Plaintiff and Class members to share tips with Mr. Maurizio, an individual with significant managerial authority.

31. Mr. Maurizio was responsible for setting all service employee schedules.

32. When Defendant Tognozzi was not on the premises, Mr. Maurizio was in charge of the Restaurant and its entire service staff. Mr. Maurizio had authority, for example, to grant service employee requests to leave work early if the Restaurant happened to be slow.

33. In addition, Mr. Maurizio was responsible for ordering all goods and liquor needed at the Restaurant.

34. Prior to 2018, Plaintiff generally worked six days a week, which included four double shifts and two dinner-only shifts.

35. A double shift was typically at least a 12-hour shift. Plaintiff would arrive at work at 10:00 a.m. and work until at least 12:00 a.m. with a 1.5-hour break. However, the Restaurant was only open for service from 12:00 p.m. until 11:30 p.m. Plaintiff was required to spend the first 1.5 hours of his double shifts and at least the last half hour of his double shifts performing non-tipped "sidework," such as restocking the bar and setting up/breaking down the dining area.

36. A dinner-only shift was typically a 7-hour shift. Plaintiff would arrive at work at 5 p.m. and work until at least 12:00 a.m.

37. Under this schedule, Plaintiff regularly worked 62 or more hours each week until 2018.

38. Although Plaintiff worked approximately 22 hours of overtime per week for years, Defendants at times entirely failed to pay him for these overtime hours.

39. After approximately the beginning of 2018, Plaintiff's schedule changed to generally working 5 dinner-only shifts and one lunch-only shift every week. Lunch-only shifts were typically 6.5 hours, from 10:30 a.m. to 5:00 p.m.

40. Under this schedule, Plaintiff regularly worked approximately 41.5 hours per week.

41. Plaintiff at times worked more than 40 hours per week at the tip credit overtime rate. Because the Defendants were not entitled to utilize any tip credits against the minimum wage owed Plaintiff, they also were not entitled to pay Plaintiff overtime at the tip credit overtime rates.

42. Defendants did not utilize a clock-in or clock-out system and did not maintain accurate records of Plaintiff and other service employees' hours worked.

43. N.Y. Lab. Law § 195 requires an employer's wage statement to set forth the number of regular and overtime hours worked and any allowances being applied to the Plaintiff's pay. Plaintiff's pay statements did not contain accurate statements of his hours worked, in violation of NYLL § 195(3).

44. As a result of their failure to maintain accurate records of employee hours worked, Defendants did not always pay Plaintiff and Class members the spread of hours compensation for shifts spanning 10 or more hours.

45. Defendants committed the foregoing acts willfully and against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)
### (Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and the FLSA Collective Plaintiffs.

48.     Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the full federal minimum wage for each hour worked.

49.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs against the Defendants

50.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

52.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

53.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff and Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

54. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**New York State Minimum Wage Act, New York Labor Law § 650** *et seq.*
**Brought by Plaintiff on Behalf of Himself and the Class**
**Members Against the Defendants**

55. Plaintiff, on behalf of himself and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

56. Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

57. Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

58. Defendants' failure to pay Plaintiff and members of the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

59. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### New York Overtime Violations
### New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
### N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4
### Brought by Plaintiff on Behalf of Himself and the Class Members against the Defendants

60. Plaintiff, on behalf of himself and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

62. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

63. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### Brought by Plaintiff on Behalf of Himself and the Class members against the Defendants

64. Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65. Defendants did not provide Plaintiffs and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

66. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined

at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### SIXTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. §196-d
### Brought by Plaintiff on Behalf of Himself and the Class Members Against the Defendants

67. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

68. Defendants illegally required Class members to share gratuities with a managerial employee.

69. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
### New York Spread of Hours Violations
### New York Minimum Wage Act, N.Y. Stat. § 650 et seq., N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6
### Brought by Plaintiff on Behalf of Himself and the Class Members against the Defendants

70. Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

71. Plaintiff and Class members regularly worked double shifts that spanned over ten hours in a day.

72. Defendants did not keep accurate records of Plaintiff's and Class members' hours and did not at all times pay them the required "spread of hours" compensation required by New York Labor Law.

73. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23;

E. Designation of Plaintiff as Representative of the Class;

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

H. Penalties available under applicable laws;

I. Costs of action incurred herein, including expert fees;

J. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

K. Pre-judgment and post-judgment interest, as provided by law; and

L. Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated: New York, New York
       February 6, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# Exhibit A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Bar Pitti** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Nichier Viban
Full Legal Name (Print)

*[signature]*
Signature

1/9/2014
Date