UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
  :
NICHIAS TURBAN, on behalf of himself and others : 
similarly situated, et al., :
  :
                       Plaintiffs, :      19-CV-1138 (JMF)
  :
     -v- :     MEMORANDUM OPINION
  :          AND ORDER
BAR GIACOSA CORP. d/b/a BAR PITTI, et al., :
  :
                       Defendants. :
  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Nichias Turban brings claims against Bar Giocosa Corp., which does business as Bar Pitti, and Giovanni Tognozzi ("Defendants"), his former employers, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, N.Y. Lab. Law § 650 *et seq.* In turn, Defendants bring state-law counterclaims against Turban for tortious interference with business relations, *prima facie* tort, and breach of fiduciary duty. Turban now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the counterclaims. For the reasons that follow, his motion is GRANTED with respect to the *prima facie* tort and tortious interference claims and DENIED with respect to the fiduciary duty claim.

## BACKGROUND

      The following facts, taken from the Complaint and Amended Answer with Counterclaims, are assumed to be true for the purposes of this motion and taken in the light most favorable to Defendants as the non-moving parties. *See, e.g.*, *Kalnit v. Eichler*, 264 F.3d 131, 135 (2d Cir. 2001).

Turban was employed by Defendants as a server at Bar Pitti for approximately eight years, until October 2018, when he was terminated "after assaulting a fellow employee." ECF No. 1 ("Compl."), ¶ 11; ECF No. 23 ("Am. Answer"), ¶ 86. In his Complaint, which is brought as a hybrid putative class action and collective action under the FLSA, he alleges that Defendants failed to pay him all minimum and overtime wages owed, improperly paid him a "tip credit" hourly wage, and kept inadequate records of hours worked. Compl. ¶¶ 13, 23-44. In addition, he asserts related state-law claims for violations of wage notice and wage statement requirements, illegal deductions from gratuities, and spread of hours violations. *Id.* ¶¶ 64-73.

In their Amended Answer with Counterclaims, Defendants bring three counterclaims against Turban. First, they claim that he engaged in tortious interference with business relations by calling staff members and customers in an attempt to disrupt their relationship with Defendants, efforts that Defendants believe "have been successful in causing customers to withdraw their business." Am. Answer ¶¶ 96-100. Second, they allege that he breached his fiduciary duties to Defendants by misappropriating tips, padding his hours, and assaulting a fellow employee. *Id.* ¶¶ 88, 101-104. And third, they allege a *prima facie* tort — a claim they abandoned in response to the present motion. *See* ECF No. 29, at 2, 13.

### DISCUSSION

Turban moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss all of Defendants' counterclaims for lack of subject-matter jurisdiction and moves, pursuant to Rule 12(b)(6), to dismiss the tortious interference claim for failure to state a claim.[1] "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when

---

[1] Turban also moves to dismiss, pursuant to Rule 12(b)(6), the *prima facie* tort claim. That motion is moot in light of Defendants' withdrawal of the claim.

2

the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party or parties asserting jurisdiction — here, Defendants — have the burden of proving by a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* Although a court reviewing a pleading on a motion to dismiss under Rule 12(b)(1) takes all facts alleged as true and draws all reasonable inferences in favor of the claimant, "jurisdiction must be shown affirmatively." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). In the case of counterclaims, a court may exercise jurisdiction when there is an independent basis for subject-matter jurisdiction or if there is a basis to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004).

In this case, Defendants contend that the Court has diversity jurisdiction over their counterclaims. In the alternative, they assert that the Court should exercise supplemental jurisdiction over each of the claims. The Court will address each argument in turn.

**A. Diversity Jurisdiction**

When jurisdiction rests on diversity of citizenship under 28 U.S.C. § 1332(a), the claimant must plead an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). A party's pleadings carry a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assur. Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted). "Federal courts have consistently held that absolute certainty in valuation of the right involved is not required to meet the amount in controversy requirement." *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975). Instead, there must be a "reasonable probability" that the jurisdictional amount is met if it "can be ascertained pursuant to some realistic formula." *Id.* This is not an exacting standard,

and "[w]here the damages sought are uncertain, the doubt should be resolved in favor of the [claimant's] pleadings." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994). Nevertheless, "the Court is not required to presume that [] bare allegations in the complaint are a good faith representation of the actual amount in controversy." *Delvalle v. Parkchester N. Condo. Bd.*, No. 19-CV-757 (JMF), 2019 U.S. Dist. LEXIS 24486, at *7-8 (S.D.N.Y. Feb. 13, 2019) (citing cases); *see, e.g.*, *Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (citing *Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (summary order) (affirming dismissal of a complaint for lack of subject-matter jurisdiction where the plaintiff's allegations regarding the amount in controversy were "conclusory and not entitled to a presumption of truth")). The burden of establishing that the requisite amount in controversy for diversity jurisdiction exists is on the party asserting jurisdiction. *See Tongkook Am.*, 14 F.3d at 784.

Applying those standards here, Defendants do not meet their burden of proving to a "reasonable probability" that their counterclaims satisfy the jurisdictional amount. The only reference in their pleadings to the amount in controversy is a formulaic and conclusory recital to the effect that the "damages caused by Turban's misconduct as alleged herein *are believed to* be in excess of $75,000." Am. Answer ¶ 109 (emphasis added). On its own, such a conclusory statement does not suffice. *See, e.g.*, *Weir*, 2018 WL 3443173, at *12; *see also, e.g.*, *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) ("[A] complaint must allege facts in a non-conclusory manner that plausibly establish grounds for relief." (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). And more fundamentally, the allegation is not plausibly supported by any of the other factual allegations in the counterclaims. For example, Defendants allege that, "[u]pon information and belief, Turban's efforts have been successful in

4

causing customers to withdraw their business, in whole or in part, from Bar Pitti." Am. Answer ¶ 100. But that falls far short of establishing that Defendants have suffered more than $75,000 in lost business. *Cf. ACMAT Corp. v. Greater N.Y. Mut. Ins. Co.*, 58 F. Supp. 2d 1, 5 (D. Conn. 1999) (noting that the court had no way of knowing the value of the litigation to the plaintiff where there was no indication of the size of the claims for which it sought insurance coverage).

Similarly, Defendants note that Turban reported his own hours and allege, without any further factual support, that his reported hours "in many cases exceeded his actual time spent working for the restaurant." Am. Answer ¶ 88. There are no additional facts that address how much of the compensation paid to Turban Defendants believe was illegitimate. They also allege only one instance of Turban misappropriating tips. *Id.* ¶ 89. But even if that practice "continued unabated," *id.*, it is not plausible from the facts alleged that Turban would have misappropriated more than $75,000 in tips. *See, e.g.*, *Weir*, 2018 WL 3443173, at *12 (finding that the Class Action Fairness Act jurisdictional amount was not met when the plaintiffs failed to provide plausible information about the frequency of loan fee charges). And finally, the alleged injury to Defendants' "reputation, staff morale and efficiency, and customer relationships," Am. Answer ¶ 104, is likewise speculative in value. *See, e.g.*, *Siddiqui v. Rocheleau*, No. 3:18-CV-00839 (JCH), 2018 WL 6519064, at *13 (D. Conn. Dec. 11, 2018) (finding that the value of the plaintiff's suit was too speculative to meet the jurisdictional threshold when he alleged, in part, "significant damage to his reputation"). Even taken together — that is, aggregating the pecuniary value of all the counterclaims to meet the amount in controversy, *see Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) — the allegations are insufficiently detailed to render the jurisdictional amount "plausible on its face." *Lapaglia*, 155

5

F. Supp. 3d at 155. Thus, the Court lacks an independent basis to exercise jurisdiction over the counterclaims.

**B. Supplemental Jurisdiction**

In the alternative, Defendants assert that the Court can and should exercise supplemental jurisdiction over their counterclaims. Section 1367(a) provides for supplemental jurisdiction over "all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The scope of supplemental jurisdiction both before and after the enactment of Section 1367 has traditionally been defined as claims that share a "common nucleus of operative fact" with the underlying claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (applying *Gibbs* to Section 1367(a)). At bottom, the supplemental jurisdiction inquiry rests on "whether 'the facts underlying the federal and state claims substantially overlap[] . . . [or] the federal claim necessarily [brings] the facts underlying the state claim before the court.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)). By its terms, the statute calls for a separate analysis with respect to each individual "claim." *See, e.g.*, *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 393-94 (E.D.N.Y. 2007) (finding supplemental jurisdiction proper over some state law claims but not others).

Whether a counterclaim is compulsory or permissive bears on the supplemental jurisdiction analysis. Compulsory counterclaims are those that arise out of the same "transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). The Second Circuit has held that this standard is met when there is a "logical relationship between the counterclaim and the main claim." *Jones*, 358 F.3d at 209 (internal quotation marks

omitted).  "[T]he logical relationship test does not require an absolute identity of factual backgrounds, [but] the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* (internal quotation marks and citations omitted).  This standard is more stringent than the "common nucleus of operative fact" standard governing supplemental jurisdiction; accordingly, compulsory counterclaims automatically meet the requirements of Section 1367(a).  *See Nicholsen v. Feeding Tree Style, Inc.*, No. 12-CV-6236 (JPO), 2014 WL 476355, at *2 (S.D.N.Y. Feb. 6, 2014) (noting that "it is possible for a claim and a counterclaim to arise out of two different transactions or occurrences, yet still share a common nucleus of operative fact"); *Absolute Activist Master Value Fund, Ltd. v. Ewing*, No. 09-CV-8862 (GBD), 2014 WL 3600409, at *3 (S.D.N.Y. July 11, 2014) ("[C]ompulsory counterclaims necessarily fall within a court's supplemental jurisdiction . . . .").  By contrast, counterclaims that are not compulsory are permissive and may or may not fall under the purview of 1367(a).  *See Jones*, 358 F.3d at 213.

In this case, Defendants' tortious interference counterclaim is clearly permissive.  Turban's claims all relate to Defendants' payment policies writ large.  By contrast, Defendants' tortious interference counterclaim focuses on Turban's personal relationships with customers and other employees and relates to events that occurred after Turban's employment with Defendants ended.  There is insufficient overlap of essential facts and issues to furnish a "logical relationship" between the two sets of claims.  *See, e.g.*, *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467-68 (S.D.N.Y. 2008) (finding that faithless servant counterclaims did not share "essential facts" with FLSA claims such that resolution in a single lawsuit would "yield judicial efficiency" (quoting *Jones*, 358 F.3d at 210)).  In addition, while Turban brings claims for class-wide wage and hour violations, Defendants' counterclaim pertains only to Turban's

7

misconduct. That is enough to undermine any claim of a "logical relationship" between the two. *See Torres*, 628 F. Supp. 2d at 467 (finding counterclaims in a FLSA case "clearly" permissive when they focused on "discrete allegations of misconduct. . . pertaining to only two Plaintiffs").

Nor is there a basis to exercise supplemental jurisdiction over Defendants' tortious interference claim pursuant to Section 1367(a). The only fact common to Turban's FLSA and NYLL claims and Defendants' allegations regarding his conduct *after* termination is that Turban once worked for Defendants. This is insufficient to make it part of the "same case or controversy" as required by Section 1367(a). *See, e.g.*, *Bu ex rel. Bu v. Benenson,* 181 F. Supp. 2d 247, 254 (S.D.N.Y. 2001) (Lynch, J.) (holding that state-law claims were not part of the same case or controversy where they "involve[d] different rights, different interests, and different underlying facts" than the federal law claims); *Torres*, 628 F. Supp. 2d at 468 (holding that the "employment relationship does not establish a 'common nucleus of operative fact' where it is the sole fact connecting Plaintiffs' federal overtime claims and [defendant's] state law counterclaims"). Accordingly, the Court concludes that it lacks supplemental jurisdiction over Defendants' counterclaim for tortious interference.

By contrast, even assuming *arguendo* that Defendants' fiduciary duty counterclaim is not a compulsory counterclaim, the Court would and does exercise supplemental jurisdiction over it. As Turban states in his brief, employers have a duty under the FLSA to maintain adequate records of hours worked. *See* ECF No. 27, at 17 (citing *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011)). The existence and accuracy of such records will be at issue in the litigation, providing an important factual overlap between Turban's original claims and Defendants' allegations that Turban padded his hours. *Cf. Nicholsen*, 2014 WL 476355, at *3 (finding supplemental jurisdiction proper over a faithless servant counterclaim when the court

8

would need to determine whether the plaintiff had stolen a ledger recording employee work hours). Accordingly, the Court may exercise supplemental jurisdiction over this counterclaim pursuant to Section 1367(a). Moreover, the Court will not decline to exercise jurisdiction over the fiduciary duty counterclaim because it does not raise a novel or complex issue of state law, it does not substantially predominate over Turban's FLSA claims, the FLSA claims have not been dismissed, and there are no other compelling reasons to decline jurisdiction. *See Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 245 (2d Cir. 2011); 28 U.S.C. 1367(c).

## CONCLUSION

For the foregoing reasons, Turban's motion to dismiss for lack of subject-matter jurisdiction is GRANTED with respect to Defendants' tortious interference counterclaim and DENIED with respect to the fiduciary duty counterclaim.[2] Turban's motion to dismiss the *prima facie* tort counterclaim is DENIED as moot in light of Defendants' withdrawal of the claim.

The Court declines to *sua sponte* grant Defendants leave to amend the tortious interference claim. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). In this case, Defendants neither request leave to amend (for a third time) nor give "any indication that [they are] in possession of facts that would cure the problems identified in this opinion" — which they presumably would be if there were such facts. *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014); *see, e.g.*, *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is

---

[2] In light of that outcome, the Court need not and does not reach Turban's alternative arguments for dismissal of the tortious interference counterclaim.

unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); *see also Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 821 F.3d 349, 352 (2d Cir. 2016) (per curiam) (holding that it was not an abuse of discretion to deny the plaintiffs an opportunity to amend their complaint where plaintiffs "did not ask the district court for leave to amend"). Further, Defendants were previously granted leave to amend their counterclaims to cure the deficiencies raised in Turban's motion to dismiss — and were expressly warned that they would "not be given any further opportunity" to do so. ECF No. 22. Accordingly, leave to amend is denied.

Plaintiff shall file an answer to Defendants' breach of fiduciary duty claim within three weeks of the date of this Memorandum Opinion and Order. Per the Case Management Plan and Scheduling Order, *see* ECF No. 25, the parties are reminded to file a joint status letter no later than the Thursday of the week before the next pretrial conference, which is currently scheduled for September 26, 2019 at 3:15 p.m. The Clerk of Court is directed to terminate ECF No. 26.

SO ORDERED.

Dated: August 1, 2019
New York, New York

JESSE M. FURMAN
United States District Judge