JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |

August 9, 2019

Hon. Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:  *Turban v. Bar Giacosa Corp., et al.*
         Index No. 19-cv-1138 (JMF)

Dear Judge Furman:

  The parties to the above-referenced action submit this joint letter to inform the court that the parties have agreed to stipulate to the conditional certification of this action as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), without prejudice to defendants' right to move to de-certify the FLSA collective at a later time. As set forth below, the parties have agreed to the form of the collective notice and opt-in consent form to be mailed to members of the collective, but dispute whether notice should be disseminated via text message. Thus, the parties respectfully request that the Court: (1) approve their agreed-upon notice and opt-in consent form and direct the mailing of that notice; and (2) resolve their dispute as to dissemination of notice via text message.

  **A. The Parties Agree to the Form of the Mailed Collective Notice and Opt-In Consent Form**

  A copy of the collective notice and opt-in consent form agreed upon by the parties is attached hereto as Exhibit A. In drafting the notice and consent form, the parties were guided by the language in notices and consent forms this Court has previously approved, including those found in Docket No. 26 in *Tamay v. Mr. Kabob Rest.*, Inc. 15-cv-5935 (JMF). *See Mendez v. Sweet Sam's Baking Co. LLC*, 18-cv-9910 (JMF), 2019 U.S. Dist. LEXIS 87060, at *4 (May 23, 2019) (directing parties to Docket No. 26 in *Tamay* for examples of language and consent forms this Court has previously approved). The collective in this matter is defined as all persons who were employed at Bar Pitti as service employees, other than service managers, at any time after February 6, 2016 (a date that is three years before the filing of the Complaint in this action).[1]

  The parties respectfully request that the Court:

- approve their agreed-upon collective notice and opt-in consent form;

---

[1]  Defendants have reserved the right to argue that a shorter limitations period (such as three years from the date of conditional certification) should apply to the claims of any opt-in plaintiffs.

- direct Defendants to provide Plaintiff's counsel with the names and last known addresses of all potential members of the collective within 14 days of the date the Court approves the notice;

- direct Plaintiff's counsel to mail the notice to all potential collective members no later than 14 days after Defendants disclose the names and last known addresses;

- direct the Clerk of Court to file in this action all opt-in forms that are timely returned with the potential plaintiff's contact information (address, phone number, and email) redacted; and

- direct the Clerk of Court to forward to Plaintiffs' counsel a copy of all unredacted opt-in consent forms that are timely returned.

### B. The Parties Dispute Whether Notice Should Be Disseminated Via Text Message

Plaintiffs' Position:

Dissemination of notice via text message is appropriate in this case because it is "likely to be a viable and efficient means of communicating with many prospective members of this collective," *Mendez*, 2019 U.S. Dist. LEXIS 87060, at *3 (quotation omitted), who are participants in a restaurant industry that involves a high turnover rate among employees, *see Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-3624, 2015 U.S. Dist. LEXIS 90616, at *11–13 (S.D.N.Y. July 13, 2015) (authorizing the distribution of the notice by text message given the "high turnover" of employees in the restaurant industry). Indeed, courts in this District, including this Court, routinely approve dissemination of collective notice via text message in cases involving industries that may have high employee turnover rates, particularly the restaurant industry. *See, e.g.*, *Mendez*, 2019 U.S. Dist. LEXIS 87060, at *3 (approving dissemination via text message where the employees were "relatively low paid" and "somewhat transient"); *see also Bhumithanarn*, 2015 U.S. Dist. LEXIS 90616, at *11–13 (citing cases); *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492 (AJN), 2017 U.S. Dist. LEXIS 213961, at 21-22 (May 22, 2017) (approving dissemination via text message and noting that "courts in this Circuit routinely permit alternative methods of notice as a supplement to mailing: they do not require that plaintiffs waste time during a limited opt-in period first proving that letters were not delivered"); *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237, 2016 U.S. Dist. LEXIS 352, at *58–59 (S.D.N.Y. Jan. 4, 2016) (permitting distribution of notice by text message where "the nature of the employer's business facilitated a high turnover rate among employees").

Here, Defendants argue that, contrary to the industry as a whole, their restaurant does not have high turnover rates. Yet Defendants point to no data from which their own turnover rate may be assessed, much less comparted to the industry as a whole. Moreover, as this Court held in *Mendez*, Plaintiffs "need not show that first-class mail will be inadequate on its own" in order to permit the dissemination of notice via text message. *Mendez*, 2019 U.S. Dist. LEXIS 87060,

at *3-4. Even if Bar Pitti did have lower turnover rates than the industry as a whole,[2] there is evidence that the population of potential class members is at least "somewhat transient." *Id.* at *4. Indeed, personnel records produced by Defendants for the four current plaintiffs in this action demonstrate that Defendants have three addresses on file for Plaintiff Nichias Turban, two addresses on file for Plaintiff Federico Brognoli, and two addresses on file for Plaintiff Claudia Mann. In addition, none of the four current plaintiffs in this action are currently employed at Bar Pitti, and Plaintiffs know that a number of their former co-workers have relocated from the New York City area since leaving Bar Pitti, including to Florida and Long Island. It is evident given the multiple physical addresses Defendants have for the existing plaintiffs and the fact that other potential members of the collective have relocated from this area, that text message notice would "be a viable and efficient means of communicating" with potential collective members. *Mendez*, 2019 U.S. Dist. LEXIS 87060 at*3.

Defendants also argue that text message notice could somehow "distort" the notice process. Much of the authority they cite, however, has to do with *e-mail* notice, which Plaintiffs do not seek here. It is also difficult to understand how dissemination via the succinct text message notice Plaintiffs have prepared, which is nearly identical to that approved by this Court in *Mendez*, could "compromise the integrity" of the notice process any more than a physical notice. This is especially so given that (a) upon the filing of this letter the full notice is now available on this Court's electronic docket to the public at large to review and download, and (b) with current smartphone technology the physical mailed notice *itself* can be photographed, sent to hundreds of people, and posted on the internet in mere seconds.

Plaintiffs have prepared a special, condensed Text Notice to be sent via text message, which is attached hereto as Exhibit B. The form of this text message notice is nearly identical to the text message notice this Court approved in *Mendez*. *Compare* Ex. B, *with*, *Mendez*, No. 18-cv-9910 at Dkt No. 44-1; *see also Martin*, 2016 U.S. Dist. LEXIS 352, at *49 n.32, *58–59 (authorizing distribution of a special text notice similar to that proposed by Plaintiffs here). The only difference is that proposed text notice here will contain an internet address where the full notice (and only the full notice) will be posted and available for review and/or download by collective members. This procedure has the benefit of allowing collective members to instantly access and review the full notice without having to take the additional step of contacting Plaintiffs' counsel in order to receive it.

If this Court approves Plaintiffs' request to disseminate notice via text message, Plaintiffs respectfully request that, in addition to producing the names and last known addresses of potential collective members, Defendants also be directed to produce to Plaintiffs' counsel the last known telephone numbers of all potential members of the collective within 14 days of the date the Court approves the text message notice.

---

[2] As Plaintiffs have not yet been provided with restaurant-wide data showing potential collective members' dates of employment, they do not have information sufficient to test Defendants' bald assertion that their turnover rates are lower than the industry as a whole.

Defendants' Position:

Defendants/counterclaimants Bar Giacosa Corp. (d/b/a "Bar Pitti") and its principal, Giovanni Tognozzi (together, for purposes here, the "Defendants"), have reasonably accommodated Plaintiffs by consenting to conditional certification of an FLSA collective action, agreeing on the content of the proposed notice and opt-in form, and acquiescing to the distribution of the notice to prospective collective members by mail.  Defendants respectfully request that this Court protect Defendants against the unnecessary risk that the notice will be distorted or circulated more broadly than the parties intend by denying Plaintiffs' request to disseminate the notice via text message—a step that Plaintiffs implicitly concede is not required by law and that is not necessary or appropriate under the circumstances.

Effectuating notice by electronic means involves risks not present in the case of hard-copy mailings:

> electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court.  Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process.  In addition, email messages could be forwarded to nonclass members and posted to internet sites with great ease.

*Sharma* v. *Burberry Ltd.*, 52 F. Supp. 3d 443, 463 (E.D.N.Y. 2014) (quotation marks and citation omitted).  It is for these reasons that courts regularly disallow notice by text message where, as here, "the universe of collective action members is limited and first-class mail is an adequate means to disseminate the Notice."  *Id.*;[3] *see also Spack* v. *Trans World Entm't Corp.*, No. 17-cv-1335, 2019 BL 13564, at *17 (N.D.N.Y. Jan. 15, 2019) ("e-mail notice may cause … distortion of the notice and notice being inappropriately or advertently distributed to non class members"); *Karvaly* v. *eBay, Inc.*, 245 F.R.D. 71, (E.D.N.Y. 2007) ("notification by electronic mail creates risk of distortion or misleading notification that are substantially reduced when first-class mail is used"); *Park* v. *FDM Grp. Inc.*, No. 16-cv-1520-LTS, 2019 BL 186834, at **7-8 (S.D.N.Y. May 22, 2019) (denying plaintiffs' request to carry out notice by text message).[4]

---

[3]   While *Sharma* involved e-mails rather than text messages, Defendants respectfully submit that the same rationale applies to both media.  Text messages, like e-mails, can easily be manipulated and forwarded in a way that is not true for hard-copy mailings.  Although mailings can be photographed using smart-phones (as Plaintiffs point out), the photographs are far less susceptible to manipulation than is electronic data.  *See*, *e.g.*, *Tanski* v. *AvalonBay Cmtys., Inc.*, No. 15-cv-6260, 2017 BL 250051, at *25 (E.D.N.Y. Mar. 31, 2017) ("The Court finds that the same concerns arising from sending notice via email are relevant in the context of text messages.").

[4]   This Court's decision in *Mendez*, *supra*, is not to the contrary.  While this Court did find text message notice to be appropriate, that determination was based on the particular facts of that case, which included the low pay and transience of prospective collective members, none of which apply here for the reasons set forth below.

Plaintiffs offer three reasons as to why text message notice is purportedly appropriate here:  (1) the rate of turnover in the restaurant industry generally; (2) Plaintiffs' status as former employees; and (3) the putative fact that some unspecified number of Plaintiffs' former co-workers have relocated away from New York City.  Not one of these reasons is well-founded.

First, the frequency with which employees at other restaurants leave their jobs has little to no bearing on the frequency with which Bar Pitti employees do so.  In fact, Bar Pitti employees, including Plaintiffs themselves, typically stay at Bar Pitti for years at a time.  Three of the four Plaintiffs (Nichias Turban, Federico Brognoli and Alan Delaini) each worked at Bar Pitti for 5 years or more (in the case of Turban and Brognoli, over 6 years each), and the remaining Plaintiff (Claudia Mann) worked there for over 2 years.  These durations are hardly atypical for Bar Pitti (which treats its employees extremely well)—whatever the turnover in the industry generally—and weigh in favor of notification by mailing only.[5]

Second, the status of each of the Plaintiffs as former employees likewise has no bearing on the appropriateness of text message notice here.  As an initial matter, Plaintiffs do not explain the relevance of this fact, which also obtained in cases like *Park* in which the Court found text message notice not to be warranted.  If the purported relevance is that Plaintiffs do not have a complete picture of Bar Pitti's current employment situation, then that would simply not be true as a matter of fact.  Two of the Plaintiffs—Brognoli and Delaini—continued to work at Bar Pitti through the end of March of this year, and the situation has not changed materially since then.

Finally, Plaintiffs do not specify how many former employees have relocated away from the New York City area, or claim that these employees did not make arrangements for their mail to be forwarded.  It is hardly unlikely that someone who has moved to Long Island (one of two examples that Plaintiffs give) will receive a notice by mail.  That is particularly true here, where communications by Defendants to employees ordinarily were conducted by means other than text messages.  For example, Mr. Tognozzi—who Plaintiffs concede regularly acted as a manager of the restaurant—did not communicate with employees over text as a matter of course.  Mailings would far more often be used to ensure that important information was transmitted to employees, and there is no reason for departing from that practice here.[6]

While notification by text message may be appropriate in some cases, Defendants respectfully submit that the risks of distortion and unintended forwarding outweigh the benefits here, and notice should be provided solely by mail.

*            *            *

The parties thank the Court for its attention to this matter.

---

[5]   Plaintiffs argue that they lack sufficient information to "test Defendants' bald assertion that their turnover rates are lower than the industry as a whole."  But each of the Plaintiffs was employed by Bar Pitti for years—in the case of Turban and Brognoli, more than 6 year each.  That is more than enough time to observe the turnover at the restaurant.  It is telling that Plaintiffs do not substantively dispute Bar Pitti's low turnover rate.

[6]   Plaintiffs do not—and cannot—argue that text message notice is appropriate here because of the nature of their compensation.  Each of the Plaintiffs was compensated extremely well by the standards of the industry, with Turban, for example, regularly drawing over $1,000 a week in tips.

Respectfully submitted,

| | |
|---|---|
| JOSEPH & KIRSCHENBAUM LLP | KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. |
| */s/Lucas C. Buzzard*_____ | |
| Lucas C. Buzzard | */s/ Robert M. Tuchman*_____ |
| 32 Broadway, Suite 601 | Robert M. Tuchman |
| New York, NY 10004 | |
| Tel: (212) 688-5640 | 551 Fifth Avenue, 18th Floor |
| Fax: (212) 688-2548 | New York, New York  10176 |
| Email: lucas@jk-llp.com | Telephone:    (212) 986-6000 |
| | Facsimile:     (212) 986-8866 |
| *Attorneys for Plaintiffs* | E-mail:           RTuchman@kkwc.com |
| | *Attorneys for Defendants/Counterclaimants Bar Giacosa Corp. (d/b/a Bar Pitti) and Giovanni Tognozzi* |